IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00716-NRN

OCTAVIO TREJO RAMIREZ,

    Petitioner,

v.

PAMELA BONDI, U.S. Attorney General
KRISTI NOEM, U.S. Secretary of Homeland Security ("DHS"),
TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement,
ROBERT HAGAN, Director of Denver Field Office Director,
DAWN CEJA, Warden of Denver Contract Detention Facility,
IN THEIR OFFICIAL CAPACITIES,

    Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

    This case is before the Court on Octavio Trejo Ramirez's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at the Denver Contract Detention Facility located at 3130 Oakland Street, Aurora, Colorado 80010. ECF No. 1 at 1. He contends that the Respondents are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN PART** the Petition.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Gomez v. Bondi*, No. 26-CV-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). Petitioner asks that he be released immediately unless Respondents provide a bond hearing under § 1226(a) within seven days. ECF No. 1 at 17.

Petitioner is a citizen of Mexico who entered the United States without inspection in August 2008. *Id.* ¶ 44. Over the course of his nearly two decades in the U.S., he married a U.S. citizen and now has a 12-year-old U.S. citizen daughter. *Id.* In July 2025, Petitioner was detained at his place of employment. He has been in administrative custody ever since. *Id.* On September 3, 2025, Petitioner filed an Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents with the Aurora Immigration Court. *Id.* ¶ 45. On December 15, 2025, his application was approved and he was granted cancellation of removal, or, in the alternative, post-

conclusion voluntary departure. *Id.* However, the Department of Homeland Security ("DHS") appealed the ruling to the Board of Immigration Appeals on January 12, 2026. While the appeal is pending, DHS has kept Petitioner in U.S. Immigration and Customs Enforcement ("ICE") custody. *Id.* Petitioner sought release on bond. His bond hearing was held on February 11, 2026. *Id*. ¶ 46. Petitioner was denied bond due to a purported lack of jurisdiction based on DHS's interpretation § 1225(b)(2) that Immigration Judges lack authority to hear bond requests to aliens present in the United States without admission—an interpretation which, as discussed below, has been rejected by courts in this District. *Id.*

Petitioner argues that he would qualify for release on bond under 8 U.S.C. § 1226, and Respondents do not offer any evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. § 1226(c). Instead, Respondents contend that Petitioner's detention is governed by § 1225(b)(2)(A), which applies to noncitizens who are deemed to be "applicants for admission" because they entered the country without inspection and have never been admitted, and requires detention of any "applicant for admission" if an "examining immigration officer determines that [the] alien seeking admission is not clearly and beyond a doubt entitled to be admitted." *See* ECF No. 7 at 2–4. Respondents' argument has been rejected by this Court as well as several other judges in this District. *See Gomez*, 2026 WL 482677; *Jimenez Facio*, 2025 WL 3559128, at 2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for several years). Since Respondents do not

3

distinguish this case from the Court's prior decision in *Gomez*, the Court will follow the same reasoning.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). To meet that burden, Petitioner argues that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing. The Court finds that Petitioner has met his burden.

While Respondents recognize that numerous courts have rejected their position, they note that the Fifth Circuit recently held otherwise. *See* ECF No. 7 at 3 (citing *Buenrostro-Mendez v. Bondi*, Nos. 25-20496 & 25- 40701, --- F.4th ----, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026)). As this Court recently held in *Gomez,* the Fifth Circuit's decision is not binding authority on this Court, and, as to persuasiveness, the Court respectfully finds in Judge Douglas's dissent a more rigorous and compelling legal analysis of the relevant statutory provisions. *See also Singh v. Baltazar*, --- F.

Supp. 3d ----, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026) (explaining in detail why *Buenrostro-Mendez* does not compel a contrary outcome).

The Court is "firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases." *Diaz Marquez*, 2026 WL 370864, at *1. Accordingly, the Court finds that Petitioner has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights. *See Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)).

Because the Court is able to grant the Petition based on the statutory interpretation of §§ 1225(b) and 1226(a), it need not reach Petitioner's additional arguments regarding his entitlement to relief as a member of the "Bond Denial Class" certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.).

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 9. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it

5

must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED IN PART** as follows.

It is further **ORDERED** that

1) Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order;

2) Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

3) Respondents shall file a status report within five days of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Dated at Denver, Colorado this 4th Day of March 2026

BY THE COURT:

*N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge